UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

NAJIBE AL-HAJ,

                             Plaintiff,

             -against-

OMH STATE OF N.Y.; KIRBY FORENSIC
PSYCHIATRIC CENTER; and SCOTT
WEISNER,

                         Defendants.

-------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2019

18-CV-5505 (VEC)

<u>ORDER</u>

VALERIE CAPRONI, United States District Judge:

       This is a suit under 42 U.S.C. § 1983 for money damages only against Kirby Forensic

Psychiatric Center, the New York State Office of Mental Health, and Dr. Scott Weisner, who is

alleged to be an employee of one of those entities. *See* Dkt. 30. On July 13, 2018, this Court

referred the case to Magistrate Judge Netburn for general pretrial proceedings and for the

preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C.

§ 636(b). *See* Dkt. 7. On December 27, 2018, this Court received from *pro se* Plaintiff Najibe

Al-Haj a Third Amended Complaint. *See* Dkt. 30. On February 6, 2019, Judge Netburn

delivered a report recommending that Plaintiff's claims against Kirby Forensic Psychiatric

Center and the New York State Office of Mental Health be dismissed *sua sponte* under 28

U.S.C. § 1915(e)(2)(B)(iii). *See* Dkt. 38. A copy of that report was mailed to Plaintiff that same

day.

**DISCUSSION**

       In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no timely objection has been made by either party, a district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks omitted).

Here, neither party has filed timely objections to Judge Netburn's report and recommendation, so the Court reviews it for clear error.[1] The Court finds none. The report correctly concludes that Kirby Forensic Psychiatric Center and the New York State Office of Mental Health are "arms of the state" to which the "immunity recognized by the Eleventh Amendment extends." *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236-37 (2d Cir. 2006) (citations omitted). The Court must therefore dismiss all claims against those entities. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (requiring court to "dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who

---

[1]      On February 26, 2019, the Court received a letter from Plaintiff, apparently dated January 14, 2019, stating that he did not "haf [*sic*] the form to fill out to send to you" and that he had "read the P-R form or form you sea [*sic*] in 14 days . . . with no paper." Dkt. 42. On the possibility that Plaintiff meant to refer to having read Judge Netburn's "R-R"—i.e., her report and recommendation—and was seeking a form he could use to file objections to it within the fourteen-day time limit, Judge Netburn issued an order on March 1, 2019 stating that she was "unable to determine what relief, if any, Plaintiff seeks from the Court" and directing Plaintiff "to re-file his letter with the Pro Se Intake Unit" and "clearly articulate any requested relief." Dkt. 43. Judge Netburn attached a copy of Plaintiff's February 26, 2019 letter for his reference, and the order and attachment were mailed to Plaintiff that day. *Id.*

The undersigned then waited sixty-nine days for Plaintiff to respond to Judge Netburn's March 1 order or file any objections to her February 6 report. As of the date of this order, no response or objections have been received. Nevertheless, since the March 1 order, the Court has received four letters from Plaintiff, *see* Dkts. 44, 55-58, none of which contains any suggestion that Plaintiff objects to the report and recommendation. Although the Court makes every effort to reasonably accommodate the difficulties of litigating a case *pro se* when not at liberty, given the length of time that has passed and Plaintiff's evident willingness to transmit other applications to this Court, the Court concludes that Plaintiff has waived or abandoned any objections to Judge Netburn's report. In any event, the Court would agree with the report's reasoning and conclusions even under *de novo* review.

is immune from such relief"). The Court finds no reason to disagree with the report and recommendation, let alone to identify any clear error.

## CONCLUSION

Because careful review of the report reveals no clear error, the Court adopts the report in full, and Defendants Kirby Forensic Psychiatric Center and the New York State Office of Mental Health are dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(iii). The report and recommendation having given the parties adequate warning, the parties' failure to file written objections to the report precludes appellate review of this decision. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008); *see also* Dkt. 38 at 4 ("The failure to file these timely objections will result in a waiver of those objections for all purposes of appeal.").

The Court denies Plaintiff leave to file any appeal of this order in forma pauperis because any such appeal would be frivolous and therefore not taken in good faith. 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

**SO ORDERED.**

**Date: May 10, 2019**
**New York, New York**

_____
**VALERIE CAPRONI**
**United States District Judge**