```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
NAJIBE AL-HAJ,                                                 :
                                                               :
                              Plaintiff,                       :         18-CV-5505 (VEC)
                                                               :
              -against-                                        :         ORDER
                                                               :
SCOTT WEISNER,                                                 :
                                                               :
                              Defendant.                       :
-------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/28/2019

VALERIE CAPRONI, United States District Judge:

This is a suit under 42 U.S.C. § 1983 for money damages only against Defendant Scott Weisner, an employee of the New York State Office of Mental Health, who works at Kirby Forensic Psychiatric Center, where Plaintiff is a patient. *See* Dkt. 30. On July 13, 2018, this Court referred the case to Magistrate Judge Netburn for general pretrial proceedings and for the preparation of reports and recommendations on any dispositive motions pursuant to 28 U.S.C. § 636(b). *See* Dkt. 7. On December 27, 2018, this Court received from *pro se* Plaintiff Najibe Al-Haj a Third Amended Complaint. *See* Dkt. 30. On August 5, 2019, Judge Netburn delivered a report recommending that Plaintiff's claims against Defendant Weisner—the only remaining Defendant[1]—be dismissed. *See* Dkt. 71. A copy of that report was mailed to Plaintiff that same day. On August 20, 2019, the Court received an "objection" to the report from Plaintiff. *See* Dkt. 73.

---

[1]  On May 10, 2019, the Court adopted a report from Judge Netburn recommending that all claims against Kirby Forensic Psychiatric Center and the New York State Office of Mental Health be dismissed. *See* Dkt 59. Dr. Weisner is therefore the only Defendant remaining in this case.

**DISCUSSION**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also, e.g.*, *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "Where no timely objection has been made by either party," or where objections are "merely perfunctory responses argued in an attempt to . . . rehash[] the same arguments set forth in the original papers," a "district court need only find that there is no clear error on the face of the record in order to accept the Report and Recommendation." *Phillips v. Reed Grp., Ltd.*, 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (internal quotation marks and brackets omitted).

Although Plaintiff styles his most recent letter as an "objection," Dkt. 73, the letter is not responsive to the report and recommendation at all. It reiterates how important religious activities are to Plaintiff and his view that lack of access to a full-time, paid imam abridges his constitutional rights. Even construing the letter liberally, it does not comment at all on the substance of Judge Netburn's report. Thus, the Court reviews the report for clear error. *Phillips*, 955 F. Supp. 2d at 211. The Court finds none.

First, the report correctly concludes that Defendant Weisner, a state employee, is immune from suit in his official capacity for money damages. *See, e.g.*, *Ford v. Reynolds*, 316 F.3d 351, 354 (2d Cir. 2003) ("The Eleventh Amendment bars the award of money damages against state officials in their official capacities."). Second, the report correctly concludes that the Third Amended Complaint entirely fails to allege—let alone plausibly allege—that Defendant Weisner was in any way involved in the constitutional violation that Plaintiff allegedly suffered, which is

alone a basis for dismissing all claims against Weisner in his personal capacity. *See, e.g.*, *Grullon v. City of New Haven*, 720 F.3d 133, 138-39 (2d Cir. 2013) (citations omitted). Indeed, other than naming him as a Defendant, the Third Amended Complaint does not mention Defendant Weisner at all. *See* Dkt. 30 (Third Am. Compl.) at 1-7. Neither do Plaintiff's July 4, 2019, opposition to the motion to dismiss, *see* Dkt. 69, or his "objection" to the report and recommendation, *see* Dkt. 73. Third, the report correctly concludes that, even if Plaintiff had plausibly pleaded Defendant Weisner's involvement in the events about which Plaintiff complains, Plaintiff has nonetheless failed to plausibly plead a free-exercise violation (to the extent he is asserting one) because he has failed to plead (or, in his "objection" letter, to explain) how the alleged failure to provide a full-time, paid imam for Friday services "substantially burdens his sincerely held religious beliefs," *Salahuddin v. Goord*, 467 F.3d 263, 274-75 (2d Cir. 2006) (citation omitted). Finally, the report correctly concludes that leave to file a Fourth Amended Complaint ought to be denied as futile because (1) Defendant Weisner is immune from suit for money damages in his official capacity, and (2) despite several opportunities to do so, Plaintiff has failed to allege any facts that even remotely suggest that Defendant Weisner had any personal involvement in any alleged constitutional violation.

In sum, the Court finds no reason to disagree with the report and recommendation, let alone to identify any clear error.

## CONCLUSION

Because careful review of the report reveals no clear error, the Court adopts the report in full, and the Third Amended Complaint is dismissed with prejudice.

The Court denies Plaintiff leave to file any appeal of this order in forma pauperis because any such appeal would be frivolous and therefore not taken in good faith. 28 U.S.C.

§ 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff, terminate all open motions, and close this case.

**SO ORDERED.**

Date: **August 28, 2019**　　　　　　　　　　　　　　　　　**VALERIE CAPRONI**
　　　　**New York, New York**　　　　　　　　　　　　　**United States District Judge**